The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now seating. God save the United States and this Honorable Court. Thank you. Please be seated. And welcome to the Fourth Circuit. We're ready to hear argument in our first case. May it please the Court, James B. Fineman on behalf of the appellants in this case. The first issue I want to address is the issue of preemption. I'm sure the Court has read the briefs and the record. The Hyundai moved to stay all the cases in Virginia and moved to transfer them to the MDL in California for the ostensible reason of avoiding inconsistent rulings. As soon as there was any opportunity for any of those cases to come back here, the first thing they did was to seek inconsistent rulings by having the lower court in the Western District reverse. Let me interrupt you for one second. Is it necessary to even address that? I don't see where you have appealed the judge's dismissal of your case under Twomley and Iqbal, just as a general improper pleading or insufficient pleading. That was a general reason for dismissing. And then he went on to say, in addition to that, and he got into these issues, did you even appeal that broader ruling? I can't find that you did. I thought that we did. Can you point me to something in the brief? I mean, I don't want to take all your time, but I can't find it in your brief. You raise it in terms of preemption. And I don't want to take all your time. I just thought maybe I'd missed something. On page 23 of your brief, you raise it in terms of preemption. Yes, sir. And then you raise it on the specificity required for pleading under fraud at page 36. But did you raise the general provision when the district court dismissed because of insufficient pleading under Twomley and Iqbal? What I did, Your Honor, was to address the reasons, the specific holdings, that the lower court stated were the grounds for why it was insufficient. That's what I did. And, you know, I thought that the particular grounds and the particular reasons for appealing, I'm sorry, I thought that appealing the particular grounds for dismissing it for failure to state a claim was sufficient for that and certainly would include the general. But preemption has nothing to do with sufficient pleading under Twomley, nor does specificity of fraud have anything to do with Twomley and Iqbal. It may do it as to specifically with fraud, but under the general claim you didn't plead specific enough under Twomley or Iqbal. That doesn't address that, I don't think, does it? Well, Your Honor, I thought that... You thought you did address it, but... I thought I did. I thought by addressing the specific grounds that the lower court used for ruling that the complaint failed to state a claim, I thought by addressing those specific grounds was sufficient to, you know, if the court were to reverse on that, that would, ergo, make the complaint sufficient. And that's what we did. I'm afraid it might be sort of the same question but in a slightly different way. Is it your position that the complaint as drafted satisfies Iqbal and Twomley? Yes, Your Honor. Is that the position you're taking? Yes, Your Honor. Okay. Clearly. Well, I don't think clearly, but I'm just curious. That's the position, yes, that's what I'm taking. What's your best argument that the complaint clearly satisfies Twombley? Well, it states a plausible claim. It doesn't say anything about what any particular defendant did to any particular plaintiff. I mean, it just says there's a bunch of defendants and there's hundreds of plaintiffs and bad things happen. Okay, well, Your Honor, I think what we have to do is distinguish that there are three separate complaints. The first complaint is Gentry, which was filed as a class action, which does have particular I'm not talking about Gentry, the other two. Okay. The ones that the district court dismissed for failure to plead properly in federal court. Okay. Those were filed in state court originally. That was my understanding of your position, that they satisfied state court pleading requirements, but I don't understand why that means they satisfy federal court pleading requirements. You have to change them after they get removed to federal court so that they satisfy federal requirements, and isn't that why the district court asked you a couple of times, maybe you should amend your complaint? I don't think so, Your Honor. I think that, as we pointed out in the Lorelei case for the Second Circuit, in the letter that I submitted to the clerk this week, I trust the courts had a chance to review that. Is that correct? Yes. Okay. What happened was the court suggested that if you want to amend now before there is a definitive ruling, you can do so, but that certainly didn't advise us or inform us that the general rule of liberal amendment of pleadings was going to be taken from us after receiving a definitive ruling. Did you file a motion to amend your complaint? I couldn't find one on the document. Well, I cited in the record where I was asked seven times for leave to amend in all the pleadings that we did. I mean, when you do it in writing seven times and the court says there's no suggestion that they wanted to amend, I just don't think that that's accurate. Was there a motion to dismiss litigation? I mean, is there somewhere on the docket a motion to amend with an amended complaint attached to it? No, ma'am. There is not a separate motion that says that, and there's no amended complaint. We were entitled to a definitive ruling because we believe that we did meet. And you got a definitive ruling. We did. And then we made a motion. Wait, wait, wait. You think you're entitled to a definitive ruling before you amend your complaint? Yes, sir. Yes, Your Honor. I do. So if you file a motion, if a litigant files a motion, files a complaint, and the other side files a motion to dismiss, the judge has to deal with the motion to dismiss before you amend? I think so, Your Honor. I think there's no need to amend until there's a reason to amend. Well, no, but you're supposed to know how to plead your case. You think the judge acts as an advisory body to tell litigants how to shape up their complaints and their answers? No, sir, I don't. But I think that as we were stating, our position was that we did for those. I understand you wanted him to do that, but where's his claim that there's a requirement that he rules on the motion to dismiss before you then amend your complaint? Where does that come from? Well, I think the Second Circuit case that I provided to the court says exactly that. I'm talking about where does it come from in the Fourth Circuit. I was a district court judge for 12 years. I've never heard of such a thing, quite frankly, that important litigants would make their motions and decide their strategies, and then I had to rule, but I never was told, rule so I then can decide how I change and amend my pleadings. You think that's a requirement here? I do, Your Honor. I think that the Federal Rules of Procedure contemplate, you know, a complaint, 12B motions to dismiss, a ruling on that, and then a motion to amend. I don't think that the orderly course of the Federal Rules of Procedure. And the motion to amend has to be allowed at that point? I think so. I think that there's the policy. So in other words, you can't ever then dismiss with prejudice? Well, no, I'm not saying you can't ever do that. I mean, I think there are certain situations where you could. And this is that situation. Your Honor, I disagree. I thought one question you might raise is a question of whether or not it should be dismissed with prejudice. You don't think that's an issue you want to talk about? Well, I don't think it should be dismissed at all. I asked you about dismissed with prejudice. Yes, sir. That's what I'm moving to. Okay. I think that there should have been the opportunity to amend. Don't we look at that under an abuse of discretion standard? I think you do. Yes, sir. Well, that is the standard we use. Why was it an abuse of discretion to dismiss your complaint with prejudice? Because, as I've cited in the cases that this Court has ruled, that the policy is very liberal that we allow that. There's a motion to amend. All of those cases are about how a district court should treat a motion to amend, and you didn't move to amend your complaint. What you did was deliver to the district court judge hundreds of emails and say, here, make us a complaint out of these. Well, Your Honor, I cited, if you go to page 3839 of my original brief, I cited to the record seven times in writing where I asked for leave to amend. Was that before or after the motion to dismiss? It was before, well before. So that was well before. And then after he ruled, we made a motion for it. It was before or after the district court gave you that opportunity to amend your complaint. It was after. It was during. It was while that was going on. The district court said, amend your complaint. Here's a deadline. And then when you didn't meet the deadline, said, now I'm extending the deadline. Go ahead, amend your complaint. He didn't say to amend it. He said, if you want to, you can. Okay. He gave you an opportunity to amend your complaint twice. Well, Your Honor, I thought, again, all I can say is I think we're entitled to get a definitive ruling. The Second Circuit has said that. I think that that's the orderly. We're in the Fourth Circuit. And I could not find a case on it. That's the only case that I could find. It probably will be one soon. I understand. Well, if it gets the way it appears. Right. If it goes the way it appears, I guess it would be a circuit split. But, you know, appearances may deceive. So I don't know. Did you? This is a genuine question. I mean, they're all genuine questions. But I don't know this point of the record. Did you explain to the district court your theory when the district court twice said, here's your opportunity to amend your complaint if you want to? Did you explain to the district court, no, no, we're going to wait until after you rule, and then we're going to amend our complaint? Was this theory shared with the district court at any point? No, ma'am. I did not. I did not think that that was. This is not an argument that was raised below or anything like that. Well, yes, it was raised below. An argument that you're entitled to have a definitive ruling before you amend your complaint. Well, yes, I thought that was implicit in all the pleadings that I submitted, all the objections to the motions to dismiss. I thought that was implicit in exactly what we're saying, that we believe our pleading is sufficient. If the court disagrees, we ask for leave to amend. So it was clear that we were not abandoning our position, and I don't think that the district court can put a plaintiff in that Hobson's choice, concede to the validity of their arguments before you get any ruling, or you're going to lose your right to amend. I think that it's wrong. I don't think that's what the federal rules of civil procedure call for, and I think this court should reverse it and grant the leave to amend. Do you agree that Gentry should be dismissed for lack of jurisdiction? No, I don't think it should be dismissed for lack of jurisdiction. It's not a final order. Okay, well, I think you're right. It is not a final order, but I've cited the cases that say that when a district court acts without jurisdiction, that this court has jurisdiction to correct it for that purpose, and that's what we're asking the court to do, to declare that the rulings that the district court made are not, are invalid because he had no jurisdiction over the pre-November 2nd, 2012 claims because they were still in the MDL. But Gentry was not in that class, right? Yes, Gentry, the individual, the individual Gentry. Yes, that's true. I don't understand. I understand the premise of your argument that there was no jurisdiction over the other four plaintiffs, but I don't see where the district court purported to dismiss their claims either. Well, he purported to dismiss all of it. I'm reading on the reconsideration motion. The district court says like it really could not be any clearer. The court never purported to reach the claims of non-remanded plaintiffs and expressly cited in its opinion, the scope of the judicial panel and multi-district litigations remand. I mean, I don't. I understand. How could the court make it any clearer? Well, the court, I understand that opinion, but the court speaks to its orders and the order says that it's all dismissed except for the mileage calculator issue. So if you look at what the court's order is, which the court speaks through, that's the problem. In context, it's pretty clear what's going on. But I'm going to be faced with, well, you didn't appeal that. It's final. It's the rule of the case because that's what the order says. We'll talk to your colleague about that to see whether you're going to get faced with that. Okay. All right. We'll hear from Mr. Morgan now. You've reserved some time on rebuttal. Thank you. Good morning, Your Honors. Let me start with the gentry issue where the court left off. What's not come up in any of this discussion is Mr. Fineman moved voluntarily to dismiss the gentry portion of the appeal. It's appellate docket 44. On the grounds admitted in his motion that there was no final judgment and that the court lacks jurisdiction. So for whatever reason, the parties, because that was not, that motion was not entered as an order, we've gone ahead and briefed it as a precaution. But I think all the court needs to do is enter that order and the gentry portion of this appeal is resolved. What about the other four named plaintiffs? Is it your position that the district court did not purport to dismiss their claim? Correct. As Your Honor pointed out, on page two of the district court's order that's being appealed, he very clearly states, Judge Moon, that only limited portions were remanded that post-November 2nd, 2012 purchasers and the opt-outs. That's all he's purported to rule on and we've never contended otherwise. Am I going to turn around in California and say these claims are dismissed? We are not. And we've taken that position in all of our briefing as well. Do you think the court below dismissed for failure to plead sufficiently under Twombly and Iqbal? Correct, Your Honor. And that was my next point, was your first question of the day. I don't believe that plaintiffs have appealed that issue properly. There's nothing in the briefs taking on that ground for the dismissal. And that is the central ground for the two individual complaints that are transactional facts to any of these plaintiffs and any of these defendants. The one thing that's clear in all of the cases. For purposes of my question, whether there was sufficient linkage or not, you argue that that issue of appeal under Twombly and Iqbal, that that issue was not appealed. Correct. So, in other words, we aren't really, is your argument that we aren't really and shouldn't get into the question of whether or not the complaint meets those standards? Because that's already been ruled on and not appealed? Correct, Your Honor. You're willing to argue the rest of it too? We're willing to argue that it's not sufficient. We're willing to argue all the subsidiary issues. But if we want to take a look at Iqbal and Twombly at this point, you're willing to argue that the district court was right on the merits. But do I understand your first argument is procedural one, which is just no, that wasn't appealed. Correct, Your Honor. That determines the case. Determines that and it also determines the subsidiary question of whether they should get leave to amend. They haven't even appealed that basis for the dismissal, therefore the court doesn't need to address whether there was an abusive discretion and a leave to amend. What about the dismissal with prejudice? Well, Your Honor. What about that? As the court pointed out, that's under an abusive discretion standard, and I think here the record clearly supports what Judge Moon did. Well, did the district court talk about prejudice to you or bad faith? Do you assert there's any bad faith on the part of the other side? I wouldn't characterize it as bad faith. There was a strategic decision made. No, but the rule talks about bad faith or the case law there. It's actually the rule. Did you point out any? I'm just asking now. I don't know where this is going to end up. Have you pointed out any prejudice to you if this case were dismissed without prejudice? Any prejudice to you? You haven't pointed out anything in the record? No. I think under the standard, I think one of the considerations, and this ties in with prejudice, was the plaintiff being dilatory in what they did, and certainly there is prejudice in the sense that we are now almost six years removed from the underlying facts as this case goes on and on, witness memories fade, so there's that prejudice. Yeah, but if the court had dismissed it without prejudice, you'd still be six years beyond. Correct, Your Honor. That really can't be what that rule is about. I think under the standard, it would be probably the dilatory prong here where the plaintiff specifically asked the court, the district court, for time to file an amended complaint and then never did it, and now they come to the appellate court and say, well, we want a chance to amend. The district court was very accommodating of plaintiff's requests. The district court looked at the rule and talked about futility, didn't it? That was one of the issues raised by the district court. But under the rule, you know, the rule I think talks about, I think I'm correct, talks about prejudice to the opposing party. The question of whether or not the court should grant the dismissal with or without prejudice, I think the rule suggests and mandates that you look at prejudice to the opposing party, bad faith, and futility. And what I could see the district court said was futility because I think the district court said, this is a legal question. This is a legal question. I guess it's a legal question, but it's not a legal question. It's a legal question that can be remedied by facts, can't it? In other words, you could meet, you could meet, the law could stay as the law was, but you could still meet the Iqbal Twombly standard with fact pleading. Correct? Not you, the other side could. I think as to some of the claims. I think, for instance, with the Lemon Law claim where you have But some of the claims then, some of the claims, doesn't that suggest that perhaps the district court doesn't have it exactly right when he said since the argument, his decision based on legal reasons, that any amendment would be futile. It seems to me, you said as to some of the claims, it seems to me there might be some of the claims as to which it might not be futile. And I'm not deciding that. I'm just asking you to explore that. Understood, Your Honor. I think that futility comes in in two ways. One, as some of the other judges on the panel pointed out, a plaintiff is expected to identify what a proposed pleading might look like and what those facts would be that would satisfy Iqbal and Twombly. That was never done here. So I think the district court could conclude it was futile because the plaintiff hadn't come forward with any facts. So you think the futility may come from not just from legal questions but from what happened in the case, that the other side was given an opportunity, was invited by the district judge. He wasn't specific on that point, but he said it might be stale. Don't you want to do something, update, deal with your amendment, amend your complaint, or deal with your complaint? And they came back, asked for more time, which he granted. So you think, put together your best argument why this was not an abuse of discretion. Sure, Your Honor. Again, I do think the dilatory part is part of that standard besides bad faith. And I think that... You think it's dilatory in that they just didn't come forward up to the time the judge ruled and didn't come forward even during that time period once the judge requested they do something if they want to? Well, we have a record here where the plaintiff specifically asked for time to amend, was granted it, and then chose not to. So I think this is a very specific record that shows that this plaintiff made a strategic choice not to identify what effects that they believe could make this complaint. So you think that... I'm sure I understand. You think that since it's clear that the procedure was set out specifically in this case for them to have a chance to remedy their circumstances that the court might see wrong, that you suggested was wrong in your motion, and they didn't do that, that that becomes a factor the court can use to grant motion to dismiss with prejudice. Correct. And not just a procedure that the court set out but a procedure that the plaintiff himself requested and that the court accommodated. Counsel, can I ask you a question? The standard that we're talking about, the bad faith, prejudice, futility, as I read those cases, that's the standard for denying a motion to amend. Correct. But there was no motion to amend here. Are there any cases where we've held it's an abusive discretion to not give leave to amend where no one has asked for leave to amend? I'm not aware of any, Your Honor. Okay. Do you take it that the court was on any kind of notice that the other side wanted to amend, though? You said they did. You know, he said he said it seven or eight times in various papers, and you said they moved to amend. Did you say they moved to amend? There was not a formal motion, Your Honor. There were two stages at which, one in June of 2000. My point is following up on Judge Harrison's question. Do you take it then that the motion to amend has to be filed or can the court be on notice before the court dismisses that a party has expressed some interest in amending, which is required either for us to apply that prejudicial, futility, and bad faith standard? You understand my question? I think I do. Again, I don't know that we have to go so far to say there has to be a motion, but I think there are two facts that distinguish this record and that support a finding that the judgment. Let me say, I think Judge Harrison raises a very good point. That is a very good point, though. There wasn't actually, you know, an amended complaint. Agreed, Your Honor. So although we didn't have a motion, we had the plaintiff requesting extra time to amend the complaint and then declining to do so. So in substance. And the court granted the extra time. Correct. And the court says in the opinion, as of now I have every reason to think the plaintiffs do not want to amend their complaint. And unless we think that was an abuse of discretion, that he's reading the record wrong, I mean, I don't understand the problem. Correct. And even if giving, you know, all plaintiffs the benefit of the doubt and saying they don't have to formally file a motion, do you think they need to come forward at some stage of the proceedings, even on appeal, and say here are the facts that would go into an amended complaint that would satisfy the deficiencies below? And that has never been done here. What do you make of the argument that the district court has to rule on your request before you have to then address your complaint to deal with those, that court ruling? I don't believe there's a case that says that. And, in fact, the Second Circuit case that plaintiffs have cited does not say that. That was a very particular circumstance. What had happened in that case was before any motion to dis- We read that case. Right. But the point is it strikes me that that suggests the court has a role, I don't know, being your paralegal or being your associate or something, to tell you what you're doing wrong rather than putting the burden on the litigants in front of the court. Agreed, Your Honor. We don't believe there is any such requirement. The appellate briefs dealt with various other issues substantively to do with the claims. I get the sense from where we're headed with this that we don't need to get into these subsidiary issues unless there are particular questions that the court would like me to address. Can I just ask a question about the Ninth Circuit decision? Sure. So what happens, I'm just curious, what happens to the claims of the plaintiffs in these cases, the ones that were not remanded, ones that were part of the settlement class, they were never remanded to district court here and they didn't opt out and they had their claims originally dismissed with the settlement. Where are those claims now? Are they revived somewhere in California? Is that what you're saying? Sure. Formally the case has been remanded to the district court for further proceedings. There is an en banc petition pending before the Ninth Circuit concerning their ruling. There haven't been any proceedings on remand in front of the district court. It is anticipated that if the en banc petition is not granted, that the parties will repackage the settlement and seek approval again. But neither the district court in the MDL nor the JPML panel have issued any rulings that would alter the jurisdiction of what was before Judge Moon or now before this court. So a big chunk of these plaintiffs then now have their claim. Because as you point out, the complaint doesn't say which ones were and were not in the settlement class. But some large chunk of them now have revived claims in California anyway. Correct. Okay. Do you have any other questions? Do you have any other questions? I don't have any questions. All right. Thank you. Thank you, Your Honors. I would submit to the court that the briefs of the appellees certainly understood what we were appealing. They certainly understood. They never raised in their briefs that I can recall that there was a failure to appeal under the Igbal and Twombly standard. I think they certainly understood that what we were appealing were the specific grounds for why the lower court held. You didn't even cite Igbal or Twombly in your opening brief or your reply brief. Did you? No, I don't believe I did. I think that what we did was go right to the specific reasons and grounds for why the lower court held that there was a failure to state a claim. We addressed those issues. If those issues are reversed, then we're still viable. I think you're wrong on what you just said. On page 19 of their brief, the appellee's brief, they say, plaintiffs do not contest this primary basis for dismissal, which alone suffices to affirm. Well, then I'll stand corrected, but I still think that they understood and they addressed all the issues that the lower court used to find that there was failure to state a claim. That might be a good lawyer. They might have done that in case we didn't read the record closely. I mean, you can't fault the other side for covering every basis, but they make it clear. They say the district court recognized that the complaints made no effort to articulate the basis for the claims of the more than 1,200 individual plaintiffs against nearly 30 defendants. Plaintiffs do not contest this primary basis for dismissal, which alone suffices to affirm. Now, it would have been a very bold move on their part if that was the only sentence they put in their brief, but they do that, and then they go on to deal with the other issues as the district court did. The court said your pleading was insufficient, but in addition to the insufficient pleading, then the court goes on to address the litany of issues. Does that sentence I read, does that change your take on what they assert? What you read is absolutely correct, but I don't think it changes their position that we were addressing the specific grounds for why the court held there was failure to state a claim under the pleading standards. Now, I want to turn to how do you amend half a case? There was no way that I could amend half a case. All these complaints contained the majority of the named individuals had pre-November 2, 2012 cases, which have never been sent back here. So I'm representing these people. Those claims have been sent to California at the request of the defendants, and then they haven't been sent back. So I've got a complaint that has some portions have been remanded, some portions have not. It was my judgment that I didn't have any jurisdiction to amend half a complaint or two-thirds of a complaint. It would actually be about one-third. So it was your judgment. It was your strategic decision not to amend. It wasn't a strategic decision. It was my judgment. Well, I don't think we had jurisdiction to do it. I mean, it wasn't strategic. It was just a fact that two-thirds of the named individuals in those complaints have not been remanded back here. They're still there. When Your Honor asked what happens to those claims when we won in the Ninth Court, the lower court has dismissed them. And I think that has to be reversed. And that's part of the basis of our being here, is that this district court in Virginia had no power or authority or jurisdiction to do anything. But if you read the order that's entered, the lower court has dismissed those, and they have no jurisdiction to do that. And so where I was sitting, it wasn't a strategy. It was just a reality. There's no jurisdiction over two-thirds of these complaints. I didn't see any way to amend them. And I thought that we needed to get the ruling. I don't think that we're required to – all the positions that we took have legal authority throughout the country and in this circuit, the positions that we took. We were not required to abandon them until we got a ruling from the court. Even from what you're saying, it just seems like the district court was in such a tricky position because the complaint didn't say anything about any of the plaintiffs, so the district court didn't know which claims had been sent back and which hadn't. Why didn't you specify what year these people purchased their cars? At least then the district court could have done some sorting. Well, no, there was a lot of discussion about, you know, they were saying, you know, they stayed discovery and then they wanted us to do discovery. We wanted them to do discovery and they wouldn't do discovery. So in an effort to cooperate, I delineated the 700 and some clients that had pre-November 2, 2012 claims from the about 300 to 400 claimants who did not. So I delineated that and I showed them that. So you see that over two-thirds of the complaint, there was no jurisdiction to do anything. So I don't know how you amend half a complaint. At the time the court said to you, I don't think this is in the record. I think there's an indication in the record. At the time the court said, this may be stale. I'm going to let you amend it if you want to. And then he extended that time. Did you have the information as to each plaintiff and as to which dealership and as to which date applied to them? Did you have that information?  I'm asking specific because I thought I read a letter. At some point a status letter going, we're contacting people. We can't get everybody. So my question is, I know that was in the record, but I'm asking did you even have that information? I had a whole lot of it. I didn't have 100% of it, but I had a whole lot of it. But you just decided that you didn't want to assert Mr. and Mrs. Tommy Jones versus the Hyundai of Alexandria. You had that information, but you didn't want to assert it? Well, what I said to the court, and it's in the record, is I didn't think there was jurisdiction to do it. I said in the plea, how do you amend half a complaint? I said that then. Why did you ask to amend it? Well, I wanted to get the definitive ruling. If he was going to go forward and give a definitive ruling, then of course I wanted to have the right to amend. The Abderrahman and Abdomen cases were filed in state court. We think they were sufficient. Now, once they moved to federal court, we ought to get a ruling. I'm sorry. You said we thought that as to a bunch of these plaintiffs, there was no jurisdiction. But there was jurisdiction as to some, you thought. As to the ones you thought there was jurisdiction to, did you have the information on which you could amend your complaint to make it compatible with Twombly? You had that information and opted not to do it? No, I don't think so. I had some, which obviously I shared on the motion of reconsideration, and it was a lot, and I could have done it. But, again. So you were just resting your whole strategy on you believed that the district judge had to give you some kind of ruling before you had to supply basic information about a plaintiff, a claim, and a dealership? Well, I thought that there was a liberal right to amend after a definitive ruling. That's what I thought, and I still think that. You're waiting for a ruling saying just what he did, but he should have done it without prejudice. So you were satisfied with everything he did other than without prejudice? I can't say I was satisfied with everything he did, but without prejudice is a huge problem. I mean, it should have been without prejudice. Your argument is that is the problem, because under your theory, I think once he would have said you don't state a claim, but it's without prejudice, then you're saying you would have gone back and started listing plaintiff, dealership, and date? Yes, absolutely. And you had almost all that information, but you just opted not to do it until he ruled. Well, I don't think I opted not to do it. I think that was our right not to do it. I think that there was a duty. You did, in fact, opt not to. If you could have done it and you didn't do it, what else? That's just what I mean by opt. You chose not to do it. You thought you had a right not to, but didn't you make a free choice not to do that? That's all I mean by opt. Yeah, no one, that was not. Well, I thought that I was under the, you know, that everything was stayed, and I thought that, you know, two-thirds of the claimants, named claimants, were still in the jurisdiction of MDL. Well, I didn't understand how I could amend, you know, one-third of a complaint, but I understand what you're saying. But for the one-third that, approximately one-third, that were post-November 2, 2012 claims, it was my belief that, one, we had the right to a definitive ruling, and we didn't have to abandon the position that we had until we got that ruling, and that's what I thought, and I still think that. I just have one last question because I'm very confused about how the standard that I know we have and that you cite in your brief about grounds for denying leave to amend prejudice, bad faith, futility is a ground, right? So how is the district court in this case supposed to know whether your amendment would be futile or not when he doesn't know what the amendment is? There's no amended complaint. We have hypothesized up here some complaints that might not be preempted and might satisfy sort of the district court's legal understanding of what can be raised, but we don't know whether those were claims you planned to make or not, and neither did the district court. So I just don't understand how we can apply this standard for denying leave to amend when there's not a proposed amendment in front of either the district court or us to consider futility. Do you see what I'm saying? I do understand your question, and this is my response to it. Okay. It seemed to me that I had to have leave to amend before I could amend. That was my understanding, and I thought – I don't know about the part where you file sort of a proposed amended complaint. No, I'm aware of that, but I didn't think that we had to abandon the position that we took, which is the General Assembly of Virginia, the Supreme Court of Virginia says that these are not fraud cases. So there's no reason to plead with particularity because the Virginia says they're not fraud cases. Okay, well – Hang on. Let me ask you a question. Yes, ma'am. We have hypothesized maybe a claim under the Consumer Protection Act that's not preempted because it's not about EPA ratings, just like the DLR actually told me. I drove this car. I got 50 miles an hour. Maybe such a claim, if you were going to amend that way – Yes. That wouldn't be futile. But the district court doesn't know whether – how is the district court supposed to do a futility analysis of your proposed amendment? Well, I – The district court never knew what kinds of facts you might be amending your complaint to reflect. Well, I don't think the district court can, and I don't think the district court did. Okay, so that standard does not apply in this case because the – right? If you have a standard that says futility, bad faith, prejudice, how can it apply when the district court can't do the futility analysis? Well, the right to amend should have been granted, and then the court could have made some type of ruling on that. In deciding whether to grant leave to amend, the district court is supposed to consider whether the amendment would be futile, and the way the district court does that is by looking at the proposed amended complaint. Well, I understand – See the box – Yes, I do understand, and I think that the answer to it is what the Second Circuit said, is that the ordinary course of the Federal Rules of Procedure allow a complaint, a motion to dismiss, a ruling, and then if there is need for amendment, amendment. And that's what I think is the order – Not a motion to amend or a proposed amendment. Well, I mean, when I was fighting the motion to dismiss, I said over and over and over again that if our position is wrong, we move for leave to amend. But we are not abandoning our position, and I don't think we should have abandoned our position. I think when the Supreme Court of Virginia says this is not a fraud action, I think it's wrong for a federal court to apply a Rule 9b. All right, thank you. Thank you. We'll come down in Greek.
judges: Stephanie D. Thacker, Pamela A. Harris, Dennis W. Shedd